Filed 1/10/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B312652 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA108516 |
| PAULETTE NEWSOM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Lee Smerling, Judge. Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Something called a "branded title" can reduce a car's resale value. Stealing a car can brand its title. The question is whether a criminal restitution order can account for this loss. The answer is yes: this lost value is objectively quantifiable. For purposes of restitution, the loss is real.

Police caught Paulette Newsom with a stolen Audi. She pleaded no contest to theft offenses. At the restitution hearing, she assented to a sum to repair the car; that sum is not at issue. The Audi owner also submitted an email from a car dealer explaining that, because of the Audi's branded title, it now was worth $15,000 instead of $18,000 to $20,000. The prosecutor explained that, when a car is stolen, the car's title notes this fact, which reduces the car's market value.

Newsom accepted $3,000 as the dollar value of the title stain, but she challenged whether this loss can be part of a restitution order. She argued the owner does not realize the loss until the car is sold and the owner might never sell. Newsom said that, until then, the $3,000 loss is merely speculative.

The trial court rightly rejected Newsom's argument.

The California Constitution requires courts to order restitution when a crime victim suffers a loss. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Penal Code section 1202.4, subdivision (f), which implements this directive, states restitution should be based on the amount of loss the victim claims and should fully reimburse the victim for every economic loss the defendant's criminal conduct caused. We liberally construe victims' right to restitution and expansively interpret the meaning of economic loss. (*People v. Grandpierre* (2021) 66 Cal.App.5th 111, 115.) The aim is to make the victim whole. (*People v. Marrero* (2021) 60 Cal.App.5th 896, 906.)

The trial court's ruling was correct.  The Audi owner suffered an actual economic loss that the repairs alone did not fully redress.

The Audi owner's loss is just as concrete as that of homeowners who discover a fault line beneath their home.  This discovery diminishes their property's market value.  The homeowners might grow old and die in the home and never sell it.  Yet the discovery decreased their net worth in an objectively quantifiable way.  The loss, for instance, has lessened the homeowners' ability to borrow against the asset.

Newsom's theft caused a similar economic loss from the stigma of the branded title.  The victim cannot regain a pre-theft position until Newsom pays this debt.

## DISPOSITION

We affirm the restitution order.


WILEY, J.


We concur:



GRIMES, Acting P. J.          HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3